UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ DWIGHT MCKEE,

Plaintiff,

v.

WAYNE COUNTY, *et al.*,

Defendants.

Case No. 25-10228
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 34)**

---

Plaintiff Martez Dwight McKee brings this prisoner civil rights case under 42 U.S.C. § 1983, proceeding *pro se* and *in forma pauperis*. The Honorable Nancy G. Edmunds denied McKee's motion for counsel in March 2025. ECF No. 12. The case was later reassigned to the Honorable Robert J. White, who referred the matter to the undersigned for all pretrial matters. ECF No. 20.

McKee moves again for appointment of counsel. ECF No. 34. Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a district court is vested with broad discretion in determining whether to

appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado,* 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), objections overruled, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017). In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided.

Having reviewed McKee's complaint and case filings to this point, the Court finds that he has not shown that exceptional circumstances warrant the appointment of counsel at this juncture. It is too early to assess the likelihood of success of his claims because they have yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56. Thus, McKee's motion to appoint counsel, ECF No. 34, is **DENIED WITHOUT PREJUDICE.**

   **IT IS SO ORDERED.**

Dated: July 9, 2026

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2026.

s/Caitlin Shrum  
CAITLIN SHRUM  
Case Manager
