UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTEZ DWIGHT MCKEE,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE COUNTY, *et al.*,<br><br>Defendants. | Case No.: 25-10228<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S ORAL MOTION TO APPOINT COUNSEL**

The Honorable Robert J. White referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 20. On August 19, 2026, the Court held a status conference between the parties to discuss outstanding service issues. During the conference, Plaintiff Martez Dwight McKee made an oral motion for the appointment of counsel.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint

counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

The Court previously denied McKee's written motions to appoint counsel because his case is still in the early pretrial stage. ECF No. 35; ECF No. 40. But on reconsideration, the Court finds that exceptional circumstances warrant appointing McKee counsel. During the conference, McKee emphasized that he is legally blind and has been using an aide to draft his legal papers up to this point. McKee had claimed without evidence that he was blind in his motions to appoint counsel. But during the status conference, McKee invited the Court to compare his penmanship in his complaint to his later filing to his motions. After making that comparison,

the Court finds credible McKee's claim that he needs help with writing documents for filing.

Considering McKee's disability and the non-frivolity of his claims on their face, the Court finds that there is an exceptional need for counsel at this early stage of the case. *Compare Hickerson v. Michigan*, No. 26-11159, 2026 WL 1759546, at *2 (E.D. Mich. June 18, 2026) (granting a pro se prisoner's motion for recruitment of counsel considering the litigant's "total and permanent blindness" and non-frivolity of the claims asserted).

Thus, the Court **GRANTS** McKee's motion for counsel. The case will be stayed for **45 days** while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within **45 days**, the stay will be lifted, and McKee must proceed pro se.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 21, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager