UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTEZ DWIGHT MCKEE,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE COUNTY, *et al.*,<br><br>Defendants. | Case No. 25-10228<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S NOTICE AND INSTRUCTING THE CLERK'S OFFICE TO MAIL PLAINTIFF A COPY OF HIS AMENDED COMPLAINT (ECF NO. 46)**

The Honorable Robert J. White referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 20. On October 16, 2026, Plaintiff Martez Dwight McKee filed a notice expressing his belief that the undersigned is biased against him and his case. ECF No. 46. He also requests another copy of his amended complaint. *Id.*, PageID.289; ECF No. 47.

Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.

Parties may also file motions that "state with particularity the grounds for seeking" a court order. Fed. R. Civ. P. 7(b). And the Court's local rules permit parties to file responses and replies to motions. E.D. Mich. L.R. 7.1(d).

Because McKee's notice is not a motion or other filing authorized under Rule 7 or the local rules, the Court **STRIKES** it. The Court also **WARNS** him that he may face sanctions if he continues to make improper filings. "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). McKee's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up). If he continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court." *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

If McKee intended for his notice to serve as a motion, it is frivolous. A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001); *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). To sustain that burden, a party alleging bias or prejudice must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceedings themselves. *Wheeler*, 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)).

McKee "makes the assumption" that the undersigned is biased

because he was ordered to file a legible copy of his complaint. ECF No. 3; ECF No. 46, PageID.285-285. But that order emanated from the proceedings themselves *and* retired District Judge Nancy G. Edmunds was the judicial officer who signed that order. ECF No. 3. McKee also blames the undersigned for not warning him that the Marshal Service had not completed service. But McKee bears the responsibility of ensuring that the Marshal Service completed service against the defendants. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 942 (E.D. Mich. 2004) (dismissing complaint because the plaintiff was at fault for not ensuring that defendants were served). And several members of the Court have diligently tried to complete service on each of the many defendants McKee sues.

Finally, McKee complains that the Court initially denied him the extraordinary relief of appointing him counsel. Appointment of counsel under § 1915(e)(1) is rare because “there are no funds appropriated to pay a lawyer or to even reimburse a lawyer’s expense.” *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). But the Court has now granted McKee that extraordinary relief and stayed the case for 45 days to search for counsel. When no pro bono counsel was secured within that 45-day period, the Court extended the stay so that it could “exhaust all avenues it has to secure counsel for McKee.” ECF No. 45, PageID.284.

McKee's claim of bias based on the Court not granting appointed counsel earlier is absurd. Equally absurd is McKee's claims that the Court told him he must forfeit his case if pro bono counsel could not be obtained. The Court has twice ordered that McKee "must proceed pro se" if pro bono counsel cannot be secured. ECF No. 41; ECF No. 45.

Finally, though McKee does not explain why he does not have a copy of a document he submitted, the Court also **ORDERS** the Clerk's Office to mail McKee another copy of his amended complaint. But McKee should be aware that the Court has no obligation to copy documents for him going forward. McKee's filing suggests that he believes that the Court has a greater obligation to assist him that the law requires. He should not expect the Court to monitor the docket on his behalf or to send him copies of documents that he has filed.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 19, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager